# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.  16-08792 BKT** |
| **L&R DEVELOPMENT & INVESTMENT CORP** | **Chapter  11** |
| | **Adversary No.  17-00026** |
| **Debtor(s)** | |
| **L&R DEVELOPMENT & INVESTMENT CORP; JOSE LOPEZ AVILES; NILSA ENID GUZMAN BIDOT** | |
| **Plaintiff** | |
| **vs.** | |
| **HECTOR NOEL ROMAN; MYRNA ENID PEREZ VEGA; ABLE INSURANCE AGENCY, INC.** | |
| **Defendant(s)** | **FILED & ENTERED ON 10/26/2017** |

## OPINION & ORDER

Before the court is Plaintiff/Debtor's ("L&R") *Motion Requesting Partial Summary Judgment Against Able Insurance Agency Inc.,* [Dkt. No. 36] together with its *Statement of Uncontested Material Facts* [Dkt. No. 37]; Co-Defendant Able Insurance Agency, Inc.'s ("Able") *Opposition to Motion Requesting Partial Summary Judgment and Cross-Motion for Summary*

*Judgment* [Dkt. No. 62] together with its *Counterstatement of Material Facts* [Dkt. No. 61]; Co-Defendant's Hector Noel Ramos and Myrna Enid Perez Vega's ("Romans") *Response to Plaintiffs' Motion Requesting Partial Summary Judgment as to Able Insurance Agency Inc.* [Dkt. No. 70]; The Romans *Opposing Statement of Facts in Response to Debtor's Statement* [Dkt. No. 69]; L&R's *Reply to Able Insurance Company's Opposition to Motion Requesting Partial Summary Judgment and Motion to Dismiss and Motion Submitting Additional Documents to Support Debtor's Motion for Partial Summary Judgment against Able* [Dkt. No. 81]; and L&R's *Sur-Reply to the Romans' Response at Docket No. 70* [Dkt. No. 82]. For the reasons stated below L&R's *Motion Requesting Partial Summary Judgment Against Able Insurance Agency Inc.,* [Dkt. No. 36] is DENIED. Co-Defendant Able's *Opposition to Motion Requesting Partial Summary Judgment and Cross-Motion for Summary Judgment* [Dkt. No. 62] is GRANTED, in part.

**FINDING OF FACTS**

The court determines that the following material facts are not in dispute:

1. On June 10, 2014, L&R, corporation shareholders Jose Joaquin Lopez Aviles and Nilsa Enid Guzman Bidot ("Lopez shareholders") and Co-Defendants Hector Noel Roman and Myrna Enid Perez Vega ("Romans") entered into a Purchase Agreement.

2. The Purchase Agreement included the sale of certain land and a purchase option.

3. The Land was described in the Purchase Agreement as a 23.6 cuerdas property of the Debtor and 15 adjacent 'cuerdas' for which the Debtor had an option to purchase.

4. The sale also included the acquisition by L&R of certain shares the Romans had in the Corporation and other two companies.

5. The monetary payment to be made by the Romans to L&R and the Lopez shareholders under the Purchase Agreement was two million dollars ($2,000,000).

6. The Purchase Agreement included the detail for the monetary payment of the two million dollars ($2,000,000).

7. On the same date of the Purchase Agreement June 10, 2014, L&R, the Lopez shareholders and the Romans signed an Escrow Agreement with Able.

8. Able was not a signatory to the Purchase Agreement.

9. The Escrow Agreement appointed Able as the Escrow Agent.

10. Subsection 2.3 of the Purchase Agreement states in relevant part:

> …The duties and obligations of the Escrow Agent shall be limited to and determined solely by the provisions of the separate escrow agreement executed on the same date hereof and the Escrow Agent is not charged with knowledge of or any duties or responsibilities with respect to any other agreement or document….

11. Numbered section 4 of the Escrow Agreement contains the material 'Disbursement Instructions' for Able:

> Disbursement Instructions: The Escrow Agent shall disburse the funds held in Deposit according to the following Instructions:
>
> (a) **Except for the provisions of Section 2.2 of the Agreement**, the Escrow Agent shall disburse the Deposit from time to time in accordance with written instructions signed by an authorized agent, representative or employee of Seller and the Purchasers indicating that the Deposit should be sent to:
>
> …
>
> If by June 10, 2015, Seller or Lopez Shareholders do not agree with Scotiabank de Puerto Rico or Banco Cooperativo de Puerto Rico to settle, restructure, release, repay loans LRDIC, Lopez Shareholders, or Buyers loan obligation with such financial institutions, the remaining balance of the Escrow Funds shall be released to the Buyers….

12. Subsection 2.2 of the Purchase Agreement states in relevant part:

> If by June 10, 2015, LRDIC and Lopez shareholders do not agree with Scotiabank de Puerto Rico or Banco Cooperativo de Puerto Rico to settle, restructure, release, repay LRDIC, Lopez Shareholders or Buyers loan obligations with such financial institutions, the remaining balance of the Escrow Funds shall be released to the Buyers.

13.  Subsection 2.3 of the Purchase Agreement states in relevant part:

> The release of the Escrow Funds shall be carried out by the Escrow Agent under the following instructions:
>
> (1) **Except for the provisions of Section 2.2 above**, the Escrow Agent shall disburse the Escrow Funds, the Security Max Escrow, or the Hacienda Escrow from time to time in accordance with written instructions signed by an authorized agent, representative or employee of Seller, the Lopez Shareholders and the Buyers indicating that the Escrow Funds should be sent to…. (Emphasis ours)

14. On March 17, 2016, the attorneys for the Romans sent to the Escrow Agent a letter requesting the surrendering of all the remaining escrow funds to the Romans.

15. As of March 17, 2016, the amount of the funds in the Escrow Account was at least $968,443.11.

16. On or about March 19, 2016, Able surrendered the funds in the Escrow Account to the Romans.

17. The Escrow Agreement also provided that the Escrow Agent **may** refuse to make any disbursements unless it received conforming written instructions from all Escrow Parties directing such release.

18. Section 5 of the Escrow Agreement sets forth the rights, duties and immunities of the Escrow Agent. Specifically subparagraph 'e' of Section 5 states:

> e. Escrow Agent shall not be liable for any error of judgment, or for any act done or step taken or omitted by it or for any mistake in fact or law, or for anything which it may do or refrain from doing in connection herewith.

19. In the letter dated March 17, 2016, which the Roman's sent to Able, they requested the release of the remaining balance of the deposited funds while representing that, "as of June 30, 2015 and as of the date hereof, the Seller and the López Shareholders have not reached an agreement with Scotiabank de Puerto Rico to settle, restructure, release or repay the loans specified in Section 4(a) of the Escrow Agreement."

20. On or about March 19, 2016, Able released the balance in the Escrow Fund to the Romans.

**SUMMARY JUDGMENT STANDARD**

"In bankruptcy, summary judgment is governed in the first instance by Federal Rule of Bankruptcy Procedure, Rule 7056." In re Varrasso, 37 F.3d at 762; see also Soto–Rios v. Banco Popular de P.R., 662 F.3d 112, 115 (1st Cir.2011). "By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure." In re Varrasso, 37 F.3d at 762 (citations omitted); see also Soto–Rios v. Banco Popular de P.R., 662 F.3d at 115; Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56. "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." In re Varrasso, 37 F.3d at 763 (citations omitted). "As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver an absence of evidence to support the nonmoving party's case." Id. at 763 n.1 (citation omitted) (internal quotations omitted). "The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material." Id. (citations and internal quotations omitted).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Essentially, if a non-movant fails to set forth specific facts that present a triable issue, its claims should not survive summary judgment." Goldberg v. Graybar Electric Co. (In re ACP Ameri–Tech Acquisition, LLC), Adv. No. 10–9029, 2012 WL 481582, at *1 (Bankr.E.D.Tex. Feb. 14, 2012) (citation omitted). As the Supreme Court explained, "[t]he inquiry performed is the threshold inquiry

of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250.Where, as here, there are cross-motions for summary judgment, "we employ the same standard of review, but view each motion separately, drawing all inferences in favor of the nonmoving party." Fadili v. Deutsche Bank Nat'l Trust Co., 772 F.3d 951, 953 (1st Cir.2014) (citation omitted).

**DISCUSSION**

Plaintiff argues that Able's action in releasing the balance of the Escrow Funds to the Romans constitutes gross negligence. To support their position, Plaintiff points to several undisputed events. Namely, that Able did not request a promissory note for the disbursed funds from the Romans; Able did not request evidence from the Romans of any payments made prior to January 31, 2016, in order to verify the Romans' right to withdraw all or part of the Escrow Funds; Able did not advise the Seller or the Lopez Shareholders beforehand of the disbursement of the Escrow Funds to the Romans. In sum, these acts and omissions on the part of Able represents its failure to abide by the term and conditions of the Escrow Agreement, which Plaintiffs contend, validated and recognized the Purchase Agreement.

The court in Velez Cajigas v. Order of St. Benedict, 115 F.Supp.2d 246, 250-51 (D.P.R. 2000), set forth the prevailing view in Puerto Rico as to contractual interpretation. The Puerto Rico Civil Code Article 1233 expressly provides that: "If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall also be

observed." P.R.Laws Ann. tit. 31, § 3471 (1990). "The article is strict in its mandate that courts should enforce the literal sense of a written contract, unless the words are somehow contrary to the intent of the parties." Fernández-Fernández v. Municipality of Bayamón, 942 F.Supp. 89, 94 (D.P.R.1996). The terms of a contract are considered "clear" when they are "sufficiently lucid to be understood to have a particular meaning, without room for doubt." Id., *citing* Sucn. De Ramírez v. Tribunal Superior, 81 D.P.R. 357, 361 (1959). Moreover, "[o]nce a court determines that the terms of a contract are sufficiently clear so that only one meaning is possible, the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." Fernández-Fernández v. Municipality of Bayamón, 942 F.Supp. at 94; See also Nike Intern. Ltd. v. Athletic Sales, Inc., 760 F.Supp. 22, 24 (D.P.R.1991) ("Where contract terms and clauses are clear and unambiguous courts should abstain from speculating about possible intentions of parties and should interpret them according to their will expressed at the time of its execution.")

Applying the preceding legal framework to the Escrow Agreement at issue in this case, it is beyond dispute that the contractual provisions regarding Able's rights, duties and immunities are clear, as are the disbursement instructions. To paraphrase, the contractual clauses in question establish that the duties and obligations of Able were solely those that stem from the provisions of the Escrow Agreement, that Able could rely and act upon any advice, certificate, notice, direction, instruction or request, which Able in good faith believed to be genuine and to have been signed or presented by the proper party, and that Able would not be liable for the non-compliance of the other parties.

Numbered section 4 of the Escrow Agreement contains the material 'Disbursement Instructions' for Able which refers to Subsection 2.2 of the Purchase Agreement. Both documents contain the exact same instruction to the Escrow Agent. Against that factual backdrop, Able received the letter dated March 17, 2016, which was sent by the Romans, wherein they requested Able to release to them the remaining balance of the deposited funds while representing that, "as of June 30, 2015 and as of the date hereof, the Seller and the López Shareholders have not reached an agreement with Scotiabank de Puerto Rico to settle, restructure, release or repay the loans specified in Section 4(a) of the Escrow Agreement." Neither the Escrow Agreement nor the Purchase Agreement contain language which mandates Able to request a promissory note for the disbursed funds from the Romans, nor to request evidence from the Romans of any payments made prior to January 31, 2016, in order to verify the Romans' right to withdraw all or part of the Escrow Funds, nor to advise the Seller or the Lopez Shareholders beforehand of the disbursement of the Escrow Funds to the Romans. In sum, these were not acts required of the Escrow Agent. While other sections of the Purchase Agreement and the Escrow Agreement do require that all parties sign for the Escrow Agent to act, this particular disbursement instruction directed Able to Section 2.2 of the Purchase Agreement.

**CONCLUSION**

The court finds that Able was well within its province to rely and act upon the representations made by the Romans in the March 17, 2016, letter and was further required to release to them the balance of the Escrow Funds as mandated by the Escrow Agreement. As such, L&R's *Motion Requesting Partial Summary Judgment Against Able Insurance Agency Inc.,* [Dkt. No. 36] is

DENIED. Co-Defendant Able's *Opposition to Motion Requesting Partial Summary Judgment and Cross-Motion for Summary Judgment* [Dkt. No. 62] is GRANTED, in part. The complaint is dismissed with prejudice as to Able. Costs may be taxed as allowed by the federal rules, however attorney's fees will not be imposed.[1] Able shall file a detailed report as to the costs requested within twenty (20) days.

SO ORDERED

San Juan, Puerto Rico, this 26th day of October, 2017.

Brian K. Tester
U.S. Bankruptcy Judge

---

[1] It is worth noting that the clarity of the Escrow Agreement does bring into doubt the appropriateness of bringing Able as a party in this proceeding.