**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-08792 BKT** |
| **L&R DEVELOPMENT & INVESTMENT CORP; ET AL** | **Chapter 11** |
| | **Adversary No. 17-00026** |
| **Debtor(s)** | |
| **L&R DEVELOPMENT & INVESTMENT CORP; ET AL** | |
| **Plaintiff** | |
| **vs.** | |
| **HECTOR NOEL ROMAN; ET AL** | |
| **Defendant(s)** | **FILED & ENTERED ON 11/3/2017** |

**OPINION & ORDER**

Before the court is Defendants Hector Noel Roman-Ramos and Myrna Enid Perez-Vega's ("the Romans") *Urgent Motion for Stay of Order and Opinion And Order at Dockets No. 87 and 104 Pending Appeals* [Dkt. No. 110]. For the reasons stated herein, the Romans' Motion is hereby DENIED.

1

Federal Rule of Bankruptcy Procedure 8007 governs motions for stay pending an appeal.[1] Courts consider the traditional four-part standard applicable to preliminary injunctions. See Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16 (1st Cir.2002). The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 WL 1651085 at *2 (Bankr.D.P.R.2015). "A court has substantial discretion […] to grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review." In re Triple A & R Capital Inv. Inc., 2015 WL 1138485, at *1 (Bankr. D.P.R. 2015), *citing* In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, *citing* Hilton v. Braunskill, 481 U.S. 770, 776–777, (1987). "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 WL 5245331 at *9 (D.R.I.2008), *citing* In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir.1991). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical." See Nken v. Holder, 556 U.S. 418, (2009). Of those two factors, "'[t]he *sine qua*

---

[1] Despite the Romans insistence that depositing the disputed funds with the Clerk of the Bankruptcy Court until a final determination of its ownership is adjudicated is a "*de facto* monetary judgment," the court shall not address the Romans' claims pursuant to Fed. R. Bankr. P. 7062.

2

*non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Acevedo–García v. Vera–Monroig, 296 F.3d at 16, *quoting* Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993).

Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, she may be entitled to a preliminary injunction if she demonstrates a strong probability that she will be injured if the court fails to act. See Wright, Miller & Kane, 11A *Federal Practice and Procedure* § 2948.3 (2nd ed.2014). "Movant must prove not merely a 'likelihood' of success, but that he has 'a substantial case,' 'a strong case on appeal.'" In re Soto-Carreras, 2013 WL 3216132, at *2 (Bankr. D.P.R. 2013), *quoting* In re Saffon Ochart, 74 B.R. 136, 137 (Bank. D.P.R., 1987).

To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996). "[W]hat matters...is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F. 3d 503, 507 n.1 (1st Cir. 2005).

In the instant case, the Romans re-state arguments that were entertained and rejected previously by this court, most notably in this court's two previous Opinions at docket numbers 87,

3

104. Furthermore, the Romans argument that the court deprived them of their property without due process and a hearing, and granted a remedy that is "simply unavailable in breach of contract cases…." is counterfactual at best and concocted at its worst. The Romans do not provide a single reasoned legal argument upon which the Bankruptcy Appellate Panel would conclude reversal is appropriate. As such, the first, *sine qua non*, prong of the Fed. R. Bankr. P. 8007 test is not met. As to the second factor of irreparable harm, the Romans do not fare much better. Despite a litany of self-serving arguments and misquoting the effects of the courts previous determinations[23] in this proceeding, the Romans provide no specific details regarding which creditors would leave them exposed to personal judgment. "

As to irreparable harm, this court has stated that a stay pending appeal cannot be granted merely because the losing party may suffer an adverse consequence. Furthermore, mere economic losses do not represent irreparable injuries." In re Efron, 2013 WL 5230640, at *2 (Bankr. D.P.R. 2013). See Cal. Pharmacists Ass'n v. Maxwell–Jolly, 563 F. 3d 847, 851-2 (9th Cir.2009) ("Supreme Court case law and some of our own cases clarify that economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award.") The remainder of the Romans' motion states what will occur if the stay is not issued, and expresses in strong terms that the court's determination that the funds in question be deposited with the Clerk of the Bankruptcy Court

---

[2] The court recognizes the difficulties encountered by the people of Puerto Rico after the unprecedented events that have transpired since the passage of Hurricane Maria on September 20, 2017. However, the Romans' attempt to use this as an excuse to delay the deposit of funds originally ordered on August 29, 2017, is inopportune.

[3] Previous Opinions by this court in this adversary proceeding have made factual determinations relevant only to the issues presented. At the present time, it is Plaintiffs' allegation that the disputed funds are property of the estate, an allegation which the court has yet to adjudicate.

was incorrect. This court disagrees. After considering the Romans' arguments, the court finds that a stay is not warranted in this instant case.

WHEREFORE, IT IS ORDERED that having failed to meet the factors needed to obtain a stay, judicial economy dictates that the court ends its analysis here.

SO ORDERED

San Juan, Puerto Rico, this 3rd day of November, 2017.

Brian K. Tester
U.S. Bankruptcy Judge