**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.   BKT** |
| | |
| | **Chapter  11** |
| **L&R DEVELOPMENT & INVESTMENT CORP** | **Adversary No.  17-00026** |
| **Debtor(s)** | |
| **L&R DEVELOPMENT & INVESTMENT CORP; ET AL** | |
| **Plaintiff** | |
| **vs.** | |
| **HECTOR NOEL ROMAN; ET AL** | <span style="color:red">**FILED & ENTERED ON 11/30/2017**</span> |
| **Defendant(s)** | |

## <u>OPINION & ORDER</u>

Debtor/Plaintiff L&R Development & Investment Corporation's (hereinafter "L&R") *Amended Motion Requesting Additional Findings of Facts, Amendment to Certain Facts and for Reconsideration of Opinion and Order Granting Cross Summary Judgment in Favor of Escrow Agent at Docket No. 102* [Dkt. No. 125] is DENIED. Federal Rule of Civil Procedure 59 applies to bankruptcy cases pursuant to Federal Rule Bankruptcy Procedure 9023. Accordingly, if, as in this

case, the motion is "filed no later than 14 days after the entry of judgment," the motion is examined under the severity of Rule 59(e). Id. ; Marie v. Allied Home Mortgage Corp., 402 F.3d 1, FN2 (1st Cir. 2005) ("We note that it is very difficult to prevail on a Rule 59(e) motion."). For a Rule 59 motion to succeed movant "must either dearly establish a manifest error of law or must present newly discovered evidence." Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 287 (D.P.R. 1998) (*quoting* Jorge Rivera Surillo & Co. v. Falconer Glass Indus.,Inc., 37 F.3d 25, 29 (1st Cir. 1994)). See also Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d. 21, 32 (1st Cir. 2012) (Rule 59 is proper only when movant shows "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, [or] an intervening change in controlling law.") (*quoting* 11 Wright & Miller *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Tellingly, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (*quoting* Emmanuel v. Int'l Bhd. Of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)) (quotations omitted).

L&R's motion neither provides the court with genuine reasons why it should revisit the Opinion and Order [Dkt. No. 102], nor compelling facts or law in support of reversing the prior decision. In their motion to reconsider, L&R fails to establish any of the required legal factors discussed above pursuant to Fed. R. Civ. P., 59(e). Moreover, the court finds the arguments set forth

in Co-Defendant Able Insurance Agency, Inc.'s, (hereinafter "Able") *Response in Opposition to Amended Motion Requesting Additional Finding of Facts, Amendment to Certain Facts and for Reconsideration of Opinion & Order Granting Cross Summary Judgment in Favor of Escrow Agent at Docket No. 102* [Dkt. No. 126] compelling and legally sound. L&R has failed to establish the legal requirements for reconsideration, therefore, this court finds that they are not entitled to such under Rule 9023 of the Federal Rules of Bankruptcy Procedure.

SO ORDERED

San Juan, Puerto Rico, this 30th day of November, 2017.

Brian K. Tester
U.S. Bankruptcy Judge