# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.   16-08792 BKT** |
| **L&R DEVELOPMENT & INVESTMENT CORP; ET AL** | **Chapter  11** |
| | **Adversary No.  17-00026** |
| **Debtor(s)** | |
| **L&R DEVELOPMENT & INVESTMENT CORP; ET AL** | |
| **Plaintiff** | |
| **vs.** | |
| **HECTOR NOEL ROMAN; ET AL** | |
| **Defendant(s)** | **FILED & ENTERED ON 12/5/2017** |

## OPINION & ORDER

The *Motion to Reconsider Order at Dkt. No. 108* filed by Co-Defendants Hector Noel Roman and Myrna Enid Perez Vega (hereinafter "Roman-Perez") [Dkt. No. 129] is DENIED. In their motion to reconsider, Roman-Perez's argument is two-fold; (1) the court "misapprehended the correct legal standard to Plaintiff's request for leave under Fed. R. Civ. P 15", and (2) the court failed

1

to consider Roman-Perez's argument that any amendment to the complaint would be futile. Co-Defendant Roman-Perez's assertions are not only inaccurate but also, incorrect. The court, in its Order [Dkt. No. 108], made no cite nor specific reference to Fed. R. Civ. P. 15. That notwithstanding, Roman-Perez cherry-pick the phrase "will prejudice their action or defense on the merits," from the Order in an attempt to persuade the court that the non-applicable Fed. R. Civ. P. 15(b) standard was erroneously utilized.[1]

For the sake of clarity, the court will explain its reasoning.[2] The court commenced its analysis of Plaintiff's motion for leave by first identifying the proper legal standard to evaluate this request. Federal Rule of Civil Procedure 15(a)(2), made applicable to bankruptcy by virtue of Federal Rule of Bankruptcy Procedure 7015, permits an amendment only with leave of the court, but also stipulates that leave is to be granted freely "when justice so requires."[3]

---

[1] Even assuming arguendo that the court relied on Fed. R. Civ. P. 15(b) in allowing leave to amend the complaint, Roman-Perez's reconsideration motion would still be denied. The cure for such harmless error is not to reverse the court's Order, but rather to view Debtor/Plaintiff's leave to amend under the more lenient standard of Fed. R. Civ. P. 15(a)(2).

[2] The legal requirements to obtain leave from a court to amend a complaint are straightforward and well established under the law, despite Roman-Perez's extensive briefing on this issue.

[3] Federal Rules of Civil Procedure 15:
    Rule 15. Amended and Supplemental Pleadings
    (a) Amendments Before Trial.
      (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
      (A) 21 days after serving it, or
      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
      (2) *Other Amendments*. **In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.** (emphasis provided).

The Supreme Court has honored the amendment-friendly language of Rule 15(a)(2):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. ... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178 (1962). However, as stated by the Foman court, "undue delay" and "prejudice to the opposing party" are the most critical factors in the "freely give[n]" calculus. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); United States v. Hougham, 364 U.S. 310, (1960). In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30–31 (1st Cir.2006).U.S. ex rel. Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 342 (D. Mass. 2015), aff'd sub nom. Hagerty ex rel. U.S. v. Cyberonics, Inc., 844 F.3d 26 (1st Cir. 2016).

In the First Circuit, it is well-established that "undue delay in moving to amend, even standing alone, may be ... an adequate reason [to deny a motion for leave to amend]." In re Lombardo, 755 F.3d 1, 3 (1st Cir.2014) (citing Foman, 371 U.S. at 182, 83 S.Ct. 227; Acosta–Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51–52 (1st Cir.1998)); *accord* Perez v. Hospital Damas, Inc., 769 F.3d 800, 802 (1st Cir.2014); Calderón–Serra v. Wilmington Trust Co., 715 F.3d 14, 20 (1st Cir.2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend."). Moreover, "[w]hen 'considerable time has elapsed between

3

the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some valid reason for his neglect and delay.'" In re Lombardo, 755 F.3d at 3 (internal quotation marks omitted) (quoting Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir.1983)). However, the First Circuit has "previously labeled as 'considerable time' warranting explanation, periods of eleven months, fourteen months, fifteen months, and seventeen months." Id. (citations omitted) (citing Calderón–Serra 715 F.3d at 19–20 (eleven-months); Grant v. News Grp. Bos., Inc., 55 F.3d 1, 6 (1st Cir.1995) (fourteen months), Acosta–Mestre, 156 F.3d at 52 (fifteen months); Stepanischen, 722 F.2d at 933 (sixteen months).

The related chapter 11 case was filed on November 1, 2016 by Debtor/Plaintiff L&R Development & Investment Corporation. On January 30, 2017, Roman-Perez opened this adversary proceeding with a *Notice of Removal* [Dkt. No. 1] in order to bring to the Bankruptcy Court for the District of Puerto Rico a state court case commenced by Jose Lopez Aviles, Nilsa Guzman Bidot, the legal conjugal partnership between them, and Debtor/Plaintiff. On February 22, 2017, Debtor/Plaintiff filed *Debtor's Position as to Removal* [Dkt. No. 7] consenting to the removal and the entry of a final judgment by the bankruptcy court. On April 18, 2017, that is approximately two and a half months later, Debtor/Plaintiff filed its *Motion Requesting Leave to Amend the Complaint to include Causes of Action Under the Provisions of the Bankruptcy Code* [Dkt. No. 38].

The jurisprudence regarding undue delay is clear. The complaint which began the adversary proceeding was filed as a removal by Roman-Perez, and is based on Puerto Rico law. A request to amend the complaint in order to include causes of action potentially available under the Code less

4

than three months after the proceeding commenced does not constitute undue delay.

The legal standard required to obtain redress under Fed.R.Civ.P. 59 is well trodden so we will give brief mention of it here. Accordingly, motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005). See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992). Roman-Perez's second assertion, that the court failed to consider Roman-Perez's argument that any amendment to the complaint would be futile, was previously considered and rejected by the court.

Summarily, Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977). Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The court determines that Roman-Perez has failed to articulate a basis to reconsider or request any appropriate relief.

SO ORDERED

San Juan, Puerto Rico, this 5th day of December, 2017.

Brian K. Tester
U.S. Bankruptcy Judge

5